IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dawn Saylor Hope, | ) |
| Plaintiff, | ) Civil Action No.: 9:17-cv-2645-TLW |
| v. | ) |
| Nancy A. Berryhill, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Dawn Saylor Hope brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (Commissioner), denying her claims for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (the Report) filed on December 7, 2018, by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). ECF No. 19. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. *Id.* Plaintiff filed objections to the Report, to which the Commissioner replied. ECF Nos. 23, 24. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final

> determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In her objections, Plaintiff argues that the Administrative Law Judge (ALJ) failed to consider the evidence in the record that Plaintiff's pain and fatigue render her disabled. However, after reviewing the record and the ALJ Report, the Court concludes that the ALJ supported her decision with sufficient evidence. The ALJ follows a two-step analysis to consider subjective statements about impairments and symptoms. *Lewis v. Berryhill,* 858 F.3d 858, 865–66 (4th Cir. 2017). First, she considers medical evidence showing a condition that could reasonably produce the symptoms. *Id.* Second, she evaluates intensity, persistence, and limiting effects to determine the claimant's ability to perform work. *Id.* In this case, the ALJ considered the objective medical evidence, opinion evidence from physicians, and medical test results to determine that there are conditions that could produce Plaintiff's symptoms. ECF No. 10-2 at 16–18. The ALJ then reviewed Plaintiff's own statements, including those made to physicians, made by Plaintiff regarding her daily activities, and about how medication managed her pain, to determine the intensity, persistence, and limiting effects in creating the RFC. *Id.* at 18–21. For these reasons, the Court finds that the ALJ supported her findings with sufficient evidence in the record of the intensity, persistence, and limiting effects of Plaintiff's pain and fatigue.

To the extent that Plaintiff disagrees with the ALJ's final determination in light of the evidence, that question is not before the Court. The role of this Court is to decide (1) whether the ALJ has supported her decision with sufficient evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the Report of the Magistrate Judge, which concludes that the ALJ properly supported Plaintiff's RFC by including a narrative discussion of the relevant medical and nonmedical evidence.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 19, is **ACCEPTED**, and Plaintiff's objections, ECF No. 23, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

    *s/ Terry L. Wooten*
TERRY L. WOOTEN
Senior United States District Judge

March 25, 2019
Columbia, South Carolina